# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Nancy Spatz, Dawn Carl, Gail Grygar, Cheryl Peterson, Teri Hargrave, Heather Kenney, Jodi Mallette, Beth Ratty, Stacy Orf and Brooke Morehead on behalf of themselves and others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>Lee's Summit R-7 School District,<br><br>      Defendant. | Cause No.:<br><br>Jury Trial Demanded |

## COMPLAINT

Nancy Spatz, Dawn Carl, Gail Grygar, Teri Hargrave and Cheryl Peterson, Heather Kenney, Jodi Mallette, Beth Ratty, Stacy Orf and Brooke Morehead (collectively, the "Plaintiffs"), by and through their attorneys, on behalf of themselves and others similarly situated, bring this cause of action against Defendant Lee's Summit R-7 School District (the "Defendant" or "District") for appropriate legal and equitable relief for violations of the Equal Pay Act of 1963, 29 U.S.C. § 206(d), as amended (the "Equal Pay Act").

## PARTIES

1. Defendant the Lee's Summit R-7 School District is a public-school district organized under Missouri law and located in Jackson County, Missouri.

2. Defendant has the power to sue and to be sued and to exercise such other and further powers as may be conferred by the Constitution or statutes of the State of Missouri.

3. Defendant is an "employer" within the meaning the Fair Labor Standards Act, 29 U.S.C. § 203. Plaintiffs' employment with Defendant is subject to the provisions of the Equal Pay Act.

4. Plaintiff Nancy Spatz ("Spatz") is a field technology specialist who was hired by the District in 2001. Spatz is a female who is paid less than male field technology specialist for performing substantially the equal work requiring equal skill, effort, and responsibility performed under similar conditions.

5. Plaintiff Dawn Carl ("Carl") is a field technology specialist who was hired by the District in 2005. Carl is a female who is paid less than male field technology specialist for performing substantially the equal work requiring equal skill, effort, and responsibility performed under similar conditions.

6. Plaintiff Gail Grygar ("Grygar") is a field technology specialist who was hired by the District in 2000. Grygar is a female who is paid less than male field technology specialist for performing substantially the equal work requiring equal skill, effort, and responsibility performed under similar conditions.

7. Plaintiff Teri Hargrave ("Hargrave") is field technology specialist who was hired by the District in 1994. Hargrave is a female who is paid less than male field technology specialist for performing substantially the equal work requiring equal skill, effort, and responsibility performed under similar conditions.

8. Plaintiff Cheryl Peterson ("Peterson") is a field technology specialist who was hired by the District in 2001. Peterson is a female who is paid less than male field technology specialist for performing substantially the equal work requiring equal skill, effort, and responsibility performed under similar conditions.

9. Plaintiff Heather Kenney is employed by the District as an elementary school principal. Kenney is a female who is paid less than male principals for performing substantially

the equal work requiring equal skill, effort, and responsibility performed under similar conditions.

10. Plaintiff Jodi Mallette is employed by the District as an elementary school principal. Mallette is a female who is paid less than male principals for performing substantially the equal work requiring equal skill, effort, and responsibility performed under similar conditions.

11. Plaintiff Beth Ratty is employed by the District as an elementary school principal. Ratty is a female who is paid less than male principals for performing substantially the equal work requiring equal skill, effort, and responsibility performed under similar conditions.

12. Plaintiff Stacy Orf is employed by the District as an elementary school assistant principal. Orf is a female who is paid less than male assistant principals for performing substantially the equal work requiring equal skill, effort, and responsibility performed under similar conditions.

13. Plaintiff Brooke Morehead is employed by the District as an elementary school assistant principal. Morehead is a female who is paid less than male assistant principals for performing substantially the equal work requiring equal skill, effort, and responsibility performed under similar conditions.

14. During the relevant period from 2017 to the present, Defendant also employed other women, who like the Plaintiffs, were paid less than males for equal work requiring equal skill, effort, and responsibility performed under similar conditions.

## JURISDICTION AND VENUE

15. This Court has jurisdiction pursuant to 29 U.S.C. § 201, et seq., and 28 U.S.C. § 1331 and 1343.

16. The unlawful pay practices alleged in this Complaint were committed within this judicial district.

17. Venue is proper in this Court pursuant to 28 U.S.C § 1391(b).

**CLAIM FOR VIOLATION OF EQUAL PAY ACT, 29 U.S.C. § 206(d)(1)**
(Plaintiffs brings this claim as an "opt in" collective action pursuant to 29 U.S.C. § 216(b))

18. Plaintiffs incorporate by reference the allegations of paragraphs 3 through 17 and reassert said allegations as if fully set forth herein.

19. The salaries for employees are determined by a salary schedule (each a "Salary Schedule") similar to that required by § 168.110 R.S.Mo.

20. Throughout each Plaintiffs' employment with the District, the Salary Schedules have classified, administrative and support salaries generally, though not always, by years of service (referred to as "Steps") and some salaries schedules have ranges that correspond with certain job positions.

21. Throughout each Plaintiffs' employment with the District, and during the relevant period from 2017 to the present, the District's application of the Salary Schedules has been unreasonably and unsystematically applied so that the District pays different salaries to men and women for equal work requiring equal skill, effort, and responsibility performed under similar conditions and not for any reason having to do with a seniority system, a merit system, a system which measures pay by quantity or quality of production, or any other factor other than sex.

22. Defendant paid Plaintiffs and others similarly situated at rates less than its male employees, even though the jobs performed by Plaintiffs and others similarly situated required equal skill, effort, and responsibility, and were performed under similar working conditions.

23. For instance, based on records provided by the Defendant, female field technology specialists are paid substantially less than similarly situated or less senior men. A

4
Case 4:20-cv-00448-RK   Document 1   Filed 06/05/20   Page 4 of 10

male employee hired on June 2, 2015, with 18 years' experience outside the district and an AS degree was started at step 17., in comparison Plaintiff Spatz was promoted from Site Technician to Field Technician after working in the district since 2001, Spatz has a BS in Engineering, and MS in Engineering Management and 20 years combined experience. Spatz was placed at Step Level 1.

24. Accordingly, not only were women paid less then men, when a female employee was promoted from within the District the years of service were not considered in factoring step placement. Thus, in Plaintiff Spatz position a male with less education and less experience was placed at step 17 and Spatz was placed at step 1.

25. Over the past 10 years all females promoted from Site Technician to Field Technician have started over at step position 1 as opposed to being given credit for their years of service. Whereas all male employees promoted from Site Technician to Field Technician have retained their step placement despite movement to a new range on the salary schedule.

26. All employees hired from outside the district directly to the position of Field Technician have been male and all have been given credit toward step placement for prior work experience. Whereas women within the District are not given such credit and are, in fact, reduced to step level 1 upon any promotion.

27. A male employee with one-year experience started with the Defendant in February of 2018, as a Site Technician level 2, after six months he was promoted to Field Technician and was placed at step level 2. Whereas, Plaintiff Hargrave, was a Site Technician for 6 years and in January of 2018 was promoted to Field Technician but was told that all Field Technicians start at step level 1.

28. A male employee, who started in 2013 was promoted to Field Technician in 2014 and has a placement of step level 5. Plaintiff Peterson who started with the Defendant in 2001 was promoted to Field Technician and placed on step level 1. Despite having 18 years' experience including 12 more than her male counterpart she was at step 6 and he was at step 5.

29. Another male employee hired in 2017 with seven years' experience is now at a step level 9, whereas a similarly situated female employee with 18 years' experience including 12 as a Field Technician was only at step placement 7.

30. A male employee with 4 years' experience was hired and placed on step placement 5, Plaintiff Spatz who has 8 years' experience as a Field Technician and 24 years of technology experience was at step level 3 two steps below a male with substantially less experience.

31. A male employee with 18 years prior experience was started at step placement 17 and this employee is now listed at step 18. Plaintiff Carl a senior field technician, who actually trained the male employee at step 18, was only at step placement 7.

32. Female Field Technicians within the Defendant District have an average of 17 years of technology experience, they average 18 years of service to the District and have an average step placement of 5.6 Whereas, male Field Technicians average 10 years technology experience, 5 years of service to the District and have an average step placement of 7.7.

33. The Defendant investigated the pay of its Field Technology Specialists and concluded, "Male Field Technology Specialists are paid a higher salary than female Field Technology Specialists with similar or more experience."

34. Another stark example of the disparity is evident in the pay of elementary school principals and assistant principals. Although female elementary principals outnumber males by

more than 3 to 1, the highest paid elementary principals are each male. What is worse, 3 of the 4 highest paid male elementary principals have little, very little or no experience within the district, having been hired within the last 3 years.  Moreover, there is disparity in the education levels. Whereas female principals with their doctorate are placed lower on the salary scale than male principals without their doctorates.

35. The pay disparity between male and female elementary school principals is due to the District's gross inconsistency in the District's application of its Salary Schedule. There are no authorized guidelines and no systematic approach to the application of the District's Salary Schedule. Whatever the system used by the District for determining the salary of elementary school principals, it is unknown to employees, is not based on predetermined criteria, is unstructured and unorganized, and is clearly based on sex.

36. Over the past 4 years men hired within the district to the position of Elementary principal received credit for their years of service.  Whereas female employees promoted from within were not similarly credited with prior service.

37. Likewise, the District pays male assistant principals more than female assistant principals for reasons that are unknown to employees, that are not based on predetermined criteria, and that are clearly based on sex.

38. For instance Plaintiff Orf and Plaintiff Morehead each had three years prior administrative experience, and each were placed on step 4 with an annual salary of $73,947. There are five male assistant principals with three or less years of prior administrative experience, the men were placed on step placements 7, 8 and 9 with annual salaries ranging from $87,157 to $89,336.  Accordingly, female assistant principals this school year were paid almost $15,000.00 a year less than their male counterparts.

39. The pay disparity between male and female assistant principals is due to the District's gross inconsistency in the District's application of its Salary Schedule. There are no authorized guidelines and no systematic approach to the application of the District's Salary Schedule. Whatever the system used by the District for determining the salary of assistant elementary school principals, it is unknown to employees, is not based on predetermined criteria, is unstructured and unorganized, and is clearly based on sex.

40. As with the Field Technicians, the Defendant investigated the pay of elementary principles and concluded that males were paid more than similarly situated or more veteran females. The Defendant District, through its Superintendent explained that the disparity was the result of having negotiated the step placements with male employees.

41. Upon information and belief, the disparity in pay is not limited to Field Technicians, Elementary principals and assistant principals, rather the crediting of prior years of service for newly hired employees and/or allowing male employees to negotiate step placement has resulted in broad disparities in pay between female employees within the Defendant District and male employees.

42. Defendant's violation of the Equal Pay provisions of the Fair Labor Standards Act, as set forth above, was a willful violation, in that defendant knew, or should have known, of the provisions pertaining to equal pay contained in the Fair Labor Standards Act, but continued to pay male employees performing the same work as plaintiffs under similar working conditions at a higher rate than plaintiffs even after plaintiffs complained of such discrimination. Such discrimination by defendant continues to the present time.

43. Plaintiffs brings this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by the

Defendant as similarly situated employees within three years from the commencement of this action who have been paid less than employees performing the same work under similar working conditions based on sex, as aforesaid.

44. The names and addresses of similarly situated employees are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or using techniques (including and a form of notice) similar to those customarily used in representative and collective actions.

WHEREFORE, Plaintiffs, on behalf of themselves and all similarly situated employees of Defendant, respectfully pray that this Court enter judgment against the Lee's Summit R-7 School District and award damages plaintiffs in the amount found to be the unpaid differential due under 29 U.S.C.A. § 206, an amount equal to wages and benefits lost, and an additional equal amount as liquidated damages for defendant's malicious and willful violation of the Equal Pay Act, plus reasonable attorney's fees and costs of this action, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

Plaintiffs pray also for the additional relief as follows:

a. Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated employees of the Defendant apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. §216(b);

b. Designation of Plaintiffs as Representative Plaintiffs, acting for and on behalf of the collective;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §206;

d. An award of damages, including compensatory and liquidated damages, to be paid by Defendant;

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees, expert fees and costs;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

h. Any and all such other and further relief as this Court deems necessary, just and proper.

**KAPKE & WILLERTH L.L.C.**

By: */s/ George E. Kapke, Jr.*
George E. Kapke, Jr.   MO #52114
The Chapel Ridge Law Building
3304 N.E. Ralph Powell Road
Lee's Summit, Missouri 64064
Telephone: 816-461-3800
Facsimile: 816-254-8014
ted@kapkewillerth.com

THE KLAMANN LAW FIRM

Andrew Schermerhorn        MO 62101
4435 Main Street, Suite 150
Kansas City, MO 64111
Telephone: (816) 421-2626
Facsimile:  (816) 421-8686
ajs@klamannlaw.com
**ATTORNEYS FOR PLAINTIFFS**