# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| NANCY SPATZ, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED; et al, | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 4:20-cv-00448-RK |
| v. | ) ) ) |
| LEE'S SUMMIT R-7 SCHOOL DISTRICT, | ) ) |
| Defendant. | ) |

## ORDER

Before the Court, in this action under the Fair Labor Standards Act ("FLSA"), is Plaintiffs' motion for conditional certification of a collective action. (Doc. 76.) Defendant Lee's Summit R-7 School District ("District") opposes the motion for conditional certification. The motion has been fully briefed (Docs. 77, 84, 88) and is now ready for decision. For the reasons below, Plaintiffs' motion for conditional certification is **GRANTED in part** and **DENIED in part**. In particular, Plaintiffs' request for conditional certification is **GRANTED** for the following class:

> All current and former female Technology Specialists and Elementary School Assistant Principals of the Lee's Summit R-7 School District whose salary, during the last three years, was determined by (1) placement on one of the District's salary schedules at the time of she was initially hired and/or promoted and/or, (2) by a subsequent move on the salary schedule, if any.

Plaintiffs' request is **DENIED** as to Teacher Plaintiffs named as representative plaintiffs. Plaintiffs' request to approve the notice attached to their motion is **DENIED.** By December 14, 2021, the parties shall meet and confer regarding the form of a conditional certification notice and either submit a joint proposed notice for the Court's approval or request a telephone conference with the Court regarding any remaining disputes about the form of the notice.

## Background

Plaintiffs allege they and others similarly situated are victims of the District's enforcement of a district-wide uniform policy and practice of utilizing its salary schedule to pay different salaries to men and women for equal work requiring equal skill, effort, and responsibility performed under similar conditions and not for any reason having to do with a seniority system, a

merit system, a system which measures pay by quantity or quality of production, or any other factor other than sex.[1]  (Doc. 37.)

Plaintiffs' motion requests to certify a class of "[a]ll current and former female employees of the Lee's Summit R-7 School District whose salary, during the last three years, was determined by (1) placement on one of the District's salary schedules at the time [] she was initially hired and/or promoted and/or, (2) by a subsequent move on the salary schedule, if any."

## Procedural History

On June 5, 2020, Plaintiffs filed their initial Complaint naming Nancy Spatz, Dawn Carl, Gail Grygar, Cheryl Peterson, and Teri Hargrave (Field Technology Specialists); Heather Kenney, Jodi Mallette, and Beth Ratty (Elementary School Principals); and Stacy Orf and Brooke Morehead (Elementary School Assistant Principals) as representative Plaintiffs on behalf of a collective of similarly situated female employees of the District.  (Doc. 1.)  With leave of Court, Plaintiffs filed an Amended Complaint October 2, 2020, adding Joy Brigman, an Elementary School Assistant Principal, as another representative plaintiff.  (Doc. 27.)

On December 21, 2020, Plaintiffs Dawn Carl, Gail Grygar, Teri Hargrave, Heather Kenney, Jodi Mallette, Cheryl Peterson, and Beth Ratty filed a notice of voluntary dismissal with prejudice of their claims against the District.  (Doc. 39.)  Plaintiffs Nancy Spatz (Field Technology Specialist), Brooke Morehead (Elementary School Assistant Principal), and Stacy Orf (Elementary School Assistant Principal) remained as representative plaintiffs.

On January 15, 2021, with leave of Court, Plaintiffs filed a Second Amended Complaint, adding Jill Besanceney, Field Technician, as a representative plaintiff.  (Doc. 49.)  On May 14, 2021, Plaintiffs moved for leave to file a Third Amended Complaint to add additional representative plaintiffs:  teachers Rhonda Ireland, Stacie Myers, Jessica Hill, and Michelle Michaelson-Gard ("Teacher Plaintiffs").  (Docs. 62, 62-1.)  The motion was opposed and fully briefed, and on July 8, 2021, the Court granted leave for Plaintiffs to file their Third Amended Complaint (Doc. 70.), which Plaintiffs filed July 13, 2021.  (Doc. 71.)

---

[1] Plaintiffs' FLSA action is based on the District's alleged violation of the Equal Pay Act ("EPA"). "The EPA was enacted in 1963 as an amendment to the Fair Labor Standards Act (FLSA)," and in 1974 it was extended "by applying it to government entities, as well as private industry.  The [EPA] was passed in the hopes that it would eliminate society's age-old belief in the inferiority of women and the economic and social consequences that flowed from that belief."  Kalsoom K. Malik, Equal Pay Act, 3 Geo. J. Gender & L. 719, 719–20 (2002) (internal footnotes and quotation omitted).

2

**Discussion**

I.  **Legal Standard**

As this Court set out in *Haworth v. New Prime, Inc.*, 448 F. Supp. 3d 1060, 1065-66 (W.D. Mo. 2020):

> The FLSA requires employers to pay most employees a regular hourly rate for up to 40 hours a week and overtime compensation at a rate of one and one-half times the regular rate for hours worked in excess of 40. 29 U.S.C. §§ 206, 207(a)(1). The FLSA also provides a private right of action to recover damages for violations of its overtime provisions, including unpaid wages, plus an equal amount of liquidated damages for violations of §§ 206 and 207. 29 U.S.C. § 216(b). An action may be brought by an employee for himself or herself and on behalf of "other employees similarly situated." *Id.* In an FLSA collective action, plaintiffs must "opt in" to participate. *Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1228-29 (W.D. Mo. 2007).

"A district court may certify a case as a collective action only if members of the class are 'similarly situated' or raise similar legal issues regarding coverage, exemption, or nonpayment of wages."[2] *Taylor v. Bear Communs., LLC*, No. 4:12-CV-01261-BCW, 2013 WL 3270971, at *2 (W.D. Mo. June 27, 2013) (citation omitted). "The plaintiff bears the burden of establishing he or she is similarly situated to other members of the proposed class." *Id.* (citation omitted). The FLSA does not define the term "similarly situated," and federal courts have applied varying standards to determine whether potential opt in plaintiffs are "similarly situated" under § 216(b). *Kautsch v. Premier Communs.*, 504 F. Supp. 2d 685, 688-89 (W.D. Mo. Jan. 23, 2007). The Eighth Circuit has not articulated a standard for conditionally certifying FLSA classes; however, a majority of the district courts in the Eighth Circuit use a two-step process. *Id.* (collecting cases); *see also Taylor*, 2013 WL 3270971 at *2 (collecting cases).

During the first stage of the two-step process, the named plaintiff moves for class certification for the limited purpose of providing notice to putative class members. *Kautsch*, 504 F. Supp. 2d at 688. During this stage, the "similarly situated" threshold requires only a "modest factual showing." *Id.* at 689 (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y.

---

[2] Certifying a collective requires application of a different standard than that governing permissive joinder, as the Court allowed in granting leave to Plaintiffs to file their Third Amended Complaint. Permissive joinder is governed by Rule 20(a)(1), which allows joinder of plaintiffs where "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20.

1998) and citing *Davis v. Novastar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005)). Courts do not evaluate the merits of the plaintiff's claim at this early stage. *Polzin v. Schreiber Foods, Inc.*, No. 10-1117-CV-SW-GAF, 2011 U.S. Dist. LEXIS 142955, at *7 (W.D. Mo. Aug. 15, 2011). Instead, a plaintiff "need only establish a colorable basis for [a] claim that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at *8 (quotation marks omitted). This "lenient standard generally results in conditional certification of a representative class." *Id.* at *9. Any doubts in the notice stage should favor allowing conditional certification. *Id.*

"A 'colorable basis' is established when Plaintiff comes forward with 'something more than the mere averments in its complaint in support of its claim.'" *Carden v. Scholastic Book Clubs, Inc.*, No. 2:10-CV-01112-NKL, 2011 WL 2680769, at *2 (W.D. Mo. July 8, 2011) (citation omitted). "Although the standard is lenient, it is not invisible." *Taylor*, 2013 WL 3270971, at *2 (quotation marks omitted). Assertions without support or not based on personal knowledge are insufficient to show that the plaintiffs are similarly situated for purposes of conditional certification. *Id.* "[S]ome identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Id.*

If the Court allows conditional certification of a class, putative class members are given notice and the opportunity to opt in, and the action proceeds as a collective action throughout discovery. *Polzin*, 2011 U.S. Dist. LEXIS 142955, at *8. "At the second step of the process, the defendant may move to decertify the class." *Id.* This step generally occurs after discovery is complete when the parties and the Court have more information. *Kautsch*, 504 F. Supp. 2d at 688.

## II. Conditional Certification in This Case

The District argues Plaintiffs do not sufficiently establish they are similarly situated to other would-be class members. The District argues Plaintiffs fail to show their claims and those of the putative class arise from a single, FLSA-violating policy because multiple individualized decisions by a small group of supervisors does not suffice to prove a "single decision, policy, or plan." (Doc. 84 at 5.) The District further asserts the Court should reject Plaintiffs' argument that showing their claims are "unified by common theories of defendant's statutory violations" is the applicable standard.

4

### A. Technology Specialist and Elementary School Assistant Principal Plaintiffs

At this stage of the proceedings, "Plaintiffs need not show that members of the conditionally certified class *are* actually similarly situated. That determination will be made after the close of discovery." *Carden*, 2011 WL 2680769, at *3 (emphasis added). Here, the Court's analysis is limited to the notice step, or the first step in the process. Applying a lenient standard, and after consideration of the record and arguments before it, the Court finds at this stage of the litigation, Technology Specialist and Elementary School Assistant Principal Plaintiffs have established a colorable basis for their claim that the putative class members were the victims of a single decision, policy or plan by the District. Plaintiffs' allegations and evidence indicate the District may have implemented a policy that uniformly results in female employees in these positions being paid less than similarly situated male employees in violation of the FLSA. Specifically, Plaintiffs assert the District's uniform decision, policy, or plan was "to credit education, experience, and tenure differently, when making salary placement determinations, depending on the sex of the applicant or employee." (Doc. 77 at 10.) In support, Plaintiffs submit:

- the Third Amended Complaint (includes Teacher Plaintiffs) (Doc. 71);
- the findings reported by defense counsel resulting from their investigation into grievances filed by Nancy Spatz and seven salary review requests filed by other site technology specialists and field technology specialists (Doc. 77-1);
- grievances filed by four elementary Principals and four salary review requests filed by Assistant Principals (Doc. 77-2);
- the District's Initial Disclosures (Doc. 77-3); and
- sworn affidavits of four Plaintiffs (three Elementary School Assistant Principals and one Field Technology Specialist) (Docs. 77-4, 77-5, 77-6, 77-7).

These documents amount to a sufficient factual showing the District had a common policy of crediting education, experience, and tenure differently when making salary placement determinations, depending on the sex of the applicant or employee, which uniformly resulted in female Elementary School Assistant Principals and Technology Specialists being paid less than male counterparts, in violation of the FLSA, 29 U.S.C. § 201 et seq. Moreover, it is reasonable to infer from the evidence submitted by Plaintiffs that they, and the opt in plaintiffs, "would have learned during the normal course of their employment how the company operates and what the company's policies were." *Carden*, 2011 WL 2680769, at *3 (citation omitted). "In the absence

5

of full discovery," such a showing, with the reasonable inferences therefrom, are "sufficient at this stage." *Id.*

Accordingly, Plaintiffs' motion for conditional certification of a collective action is granted in part, to the extent it requests that Elementary School Assistant Principals and Technology Specialists be named representative plaintiffs in the collective action.

B. **Teacher Plaintiffs**

In their Third Amended Complaint Plaintiffs joined Teacher Plaintiffs as named plaintiffs. Changes to the Third Amended Complaint included paragraphs nine through twelve, alleging, as to each, "Plaintiff [name] is employed by the District as a teacher. [Name] is a female who is paid less than male teachers for performing substantially the equal work requiring, equal skill, effort and responsibility performed under similar conditions." The only other change was the addition of paragraph 38, alleging Teacher Plaintiffs "are teachers with the District and are female. Each of these women are long-term employees of the District who are paid less than male counterparts despite having equivalent education and experience and despite performing the same job under near identical conditions." The added allegations and Plaintiffs' request that Teacher Plaintiffs be named representative plaintiffs in the collective action are supported only by Consent To Join forms, which provide:

> I CONSENT TO JOIN THIS LAWSUIT as a Party Plaintiff seeking equal pay against Defendant Lee's Summit R-7 School District, and any other associated entities (("Defendant"). If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) for equal pay. By joining this lawsuit, I designate the Named Plaintiffs as my representatives, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to the this [*sic*] lawsuit to the fullest extent permitted by law. I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable. For purposes of this lawsuit, I choose to be represented by Kapke & Willerth, LLC, and any other attorneys with whom they may associate.

(Docs. 72-75.)

As such, Teacher Plaintiffs do not support their claims with anything more than the averments in the Third Amended Complaint. *Carden*, 2011 WL 2680769, at *2. Teacher Plaintiffs' claims are unsupported by affidavits or other evidence showing personal knowledge, identifiable facts, or a legal connection that would indicate hearing their cases together with those

6

Case 4:20-cv-00448-RK  Document 92  Filed 11/30/21  Page 6 of 10

of the Elementary School Assistant Principal and Technology Specialist Plaintiffs would promote judicial efficiency. *Taylor*, 2013 WL 3270971, at *2.

Accordingly, Plaintiffs' motion for conditional certification of a collective action is denied in part, to the extent it requests that Teacher Plaintiffs be named representative plaintiffs in the collective action.

### III. Proposed Class and Notice

Plaintiffs request the Court to grant their motion, and additionally request the Court to enter an order:

1. Granting conditional class certification of Plaintiffs' claims under 216(b) of the FLSA for:

    All current and former female employees of the Lee's Summit R-7 School District whose salary, during the last three years, was determined by (1) placement on one of the District's salary schedules at the time of she was initially hired and/or promoted and/or, (2) by a subsequent move on the salary schedule, if any.

2. Appointing Plaintiffs as class representatives;

3. Appointing George E. Kapke , Jr., Kapke & Willerth, LLC, Andrew Schermerhorn, and The Klamann Law Firm to act as class counsel;

4. Approving the Notice of Claims and Opt-In Consent Form attached as Exhibit 8 to the Suggestions in Support of this Motion;

5. Ordering the Notice of Claims and Opt-In Consent Form to be sent via email to members of the class;

6. Ordering defendant to produce a list of class members in a usable electronic format which includes full name, address, work location, dates of employment, employee number and all known email addresses within 14 days of the Court's Order;

7. Ordering the Notice of Claims to be posted in the break rooms of all facilities where teachers and administrators work;

8. Permitting repeat emailing of the Notice of Claims and Opt-in Consent Forms;

9. Allowing the class opt-in period to last for 180 days while discovery in this case continues, with class counsel to keep track of opt-ins and report to the Court at the end of the Opt-in period or as otherwise directed; and

10. Granting such other relief the Court deems just and proper.

(Doc. 76.)

### A. Proposed Class

In opposing conditional certification, the District also argues that if the Court were to allow conditional certification, Plaintiffs' proposed class is impossibly overbroad given the basis for the named plaintiffs' claims, because the named plaintiffs have presented no evidence to support including employees working in any positions other than Technology Specialists or Elementary School Assistant Principals. Defendant therefore requests that the Court reject Plaintiffs' requested class definition. The District instead proposes the Court allow, at most, for the named representative plaintiffs to represent only the employees in those particular positions.

As discussed above, the requirement to establish a "colorable basis" for certification of a FLSA collective consists of "something more than the mere averments in its complaint in support of [the proposed collective's] claim." *Carden*, 2011 WL 2680769, at *2 (internal quotation marks omitted). The mandatory showing that the class is "similarly situated" is not met with unsupported assertions or with assertions not based on personal knowledge. *Taylor*, 2013 WL 3270971, at *2.

Here, outside of Technology Specialist and Elementary School Assistant Principal Plaintiffs, Plaintiffs have not shown that the claims of their proposed class are bound by "[s]ome identifiable facts or legal nexus" to show "that hearing the cases together promotes judicial efficiency." *Id.* Plaintiffs do not support their claims as to any member of the proposed class outside of Technology Specialist and Elementary School Assistant Principal Plaintiffs with anything more than the averments in the Third Amended Complaint. The claims of Teacher Plaintiffs are unsupported by affidavits or other evidence showing personal knowledge, identifiable facts, or a legal connection that would indicate hearing their cases together with those of the Technology Specialist and Elementary School Assistant Principal Plaintiffs would promote judicial efficiency.

Accordingly, Plaintiffs' motion for conditional certification of a collective action is denied in part, to the extent the proposed class includes members[3] who are not within the Technology

---

[3] Elementary School Principals are omitted from the class, first, because all Elementary School Principals named in the original complaint settled and dismissed their claims against the District (Docs. 30, 39), and second, because in their amended complaint, Plaintiffs do not name any Elementary School Principals. *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect.") In light of this procedural history, Plaintiffs fail to provide authority supporting the inclusion of Elementary School Principals in the conditionally certified class.

8

Specialist and Elementary School Assistant Principal Plaintiffs for whom a colorable basis that the class is similarly situated has been established with adequate support beyond the averments of the Third Amended Complaint. Plaintiffs' motion for conditional certification is granted in part, to the extent that the following collective is conditionally certified:

> All current and former female Technology Specialists and Elementary School Assistant Principals of the Lee's Summit R-7 School District whose salary, during the last three years, was determined by (1) placement on one of the District's salary schedules at the time of she was initially hired and/or promoted and/or, (2) by a subsequent move on the salary schedule, if any.

**B.  Notice**

The District objects to various aspects of Plaintiffs' requested notice:

(a) plaintiffs' request for repeat e-mailing of the Notice of Claim and Opt-In Consent Forms (*see* Doc. 76, pg. 2, ¶ 8); (b) plaintiffs' request that the District post the Notice of Claim in the break rooms of all facilities where teachers and administrators work; (c) plaintiffs' request that the opt-in period extend for 180 days; and (d) plaintiffs' request for any information other than employee names, email addresses, and employment dates. And the District of course objects to the notice going to any employees whom the Court excludes from the class, once the Court defines the class.

"Notice should provide a fair, timely, accurate, and informative description of the pending collective action." *Fritz v. Corizon Health, Inc.*, No. 19-CV-03365-SRB, 2020 WL 6877737, at *3 (W.D. Mo. Nov. 23, 2020) (citing *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989)). "'In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality' and should 'take care to avoid even the appearance of judicial endorsement of the merits of the action.'" *Id.* (quoting *Hoffmann-LaRoche Inc.*, 493 U.S. at 174.

The Court will not outright deny conditional certification simply because the District takes issue with some parts of Plaintiff's proposed notice, especially given that it appears from Plaintiffs' compromise proposals in their reply brief that the parties have not met and conferred on these issues. The Court will not wade into these issues until the parties have attempted to reach an agreement. *Haworth v. New Prime, Inc.*, 448 F. Supp. 3d 1060, 1076 (W.D. Mo. 2020). Accordingly, the Court orders the parties meet and confer regarding an appropriate class notice.

**Conclusion**

Accordingly, the Court **ORDERS** as follows:

1. Plaintiffs' motion for conditional certification (Doc. 76.) is **GRANTED in part and DENIED in part.** Specifically, Plaintiffs' request for conditional certification is:

    a. **GRANTED for the following class:**

    All current and former female Technology Specialists and Elementary School Assistant Principals of the Lee's Summit R-7 School District whose salary, during the last three years, was determined by (1) placement on one of the District's salary schedules at the time of she was initially hired and/or promoted and/or, (2) by a subsequent move on the salary schedule, if any.

    b. Plaintiff's request for conditional certification is **DENIED** as to Teacher Plaintiffs named as representative plaintiffs.

    c. Plaintiffs' request to approve the notice attached to their motion is **DENIED.**

2. By December 14, 2021, the parties shall meet and confer regarding the form of a conditional certification notice and either submit a joint proposed notice for the Court's approval or request a telephone conference with the Court regarding any remaining disputes about the form of the notice.

**IT IS SO ORDERED.**

        /s/ Roseann A. Ketchmark
        ROSEANN A. KETCHMARK, JUDGE
        UNITED STATES DISTRICT COURT

DATED: November 30, 2021