# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| NANCY SPATZ, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED; et al, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 4:20-cv-00448-RK |
| v. | ) |
| LEE'S SUMMIT R-7 SCHOOL DISTRICT, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Lee's Summit R-7 School District's ("District") motion to dismiss the Equal Pay Act claims of Rhonda Ireland, Stacie Myers, Jessica Hill, and Michelle Michaelson-Gard. (Doc. 79.) The District's motion seeks to dismiss Plaintiffs' Third Amended Complaint as to allegations made by these Plaintiffs, who are teachers employed by the District ("Teacher Plaintiffs"). The motion is fully briefed. (Docs. 80, 85, 89.) For the reasons below, the motion is **GRANTED.**

## Procedural History

On June 5, 2020, Plaintiffs filed their initial Complaint naming Nancy Spatz, Dawn Carl, Gail Grygar, Cheryl Peterson, and Teri Hargrave (Field Technology Specialists); Heather Kenney, Jodi Mallette, and Beth Ratty (Elementary School Principals); and Stacy Orf and Brooke Morehead (Elementary School Assistant Principals) as representative Plaintiffs on behalf of a collective of similarly situated female employees of the District. (Doc. 1.) With leave of Court, Plaintiffs filed an Amended Complaint October 2, 2020, adding Joy Brigman, an Elementary School Assistant Principal, as another representative plaintiff. (Doc. 27.)

On December 21, 2020, Plaintiffs Dawn Carl, Gail Grygar, Teri Hargrave, Heather Kenney, Jodi Mallette, Cheryl Peterson, and Beth Ratty filed a notice of voluntary dismissal with prejudice of their claims against the District. (Doc. 39.) Plaintiffs Nancy Spatz (Field Technology Specialist), Brooke Morehead (Elementary School Assistant Principal), and Stacy Orf (Elementary School Assistant Principal) remained as representative plaintiffs.

On January 15, 2021, with leave of Court, Plaintiffs filed a Second Amended Complaint, adding Jill Besanceney, Field Technician, as a representative plaintiff. (Doc. 49.) On May 14, 2021, Plaintiffs moved for leave to file a Third Amended Complaint to add additional representative plaintiffs: teachers Rhonda Ireland, Stacie Myers, Jessica Hill, and Michelle Michaelson-Gard ("Teacher Plaintiffs"). (Docs. 62, 62-1.) The motion was opposed and fully briefed, and on July 8, 2021, the Court granted leave for Plaintiffs to file their Third Amended Complaint (Doc. 70.), which Plaintiffs filed July 13, 2021. (Doc. 71.)

**Factual Background**

For purposes of analyzing the District's motion to dismiss for failure to state a claim upon which relief may be granted, the Court "accept[s] the allegations contained in the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (citation and quotation marks omitted).

Plaintiffs' Third Amended Complaint (Doc. 71) sets forth the following allegations. Defendant is a public school district organized under Missouri law and located in Jackson County, Missouri. (Doc. 71, ¶ 1.) Plaintiffs are female field technology specialists, elementary school assistant principals, field technicians, and teachers employed by the District. (*Id.*, ¶¶ 4-12.) Plaintiffs' putative, opt-in collective action brings one count alleging the District pays Plaintiffs less than males in the same positions for performing substantially equal work requiring equal skill, effort, and responsibility performed under similar conditions, in willful violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1) ("EPA").[1] (*Id.*, ¶¶ 4-12, 42-43.)

Employees' salaries are determined by a salary schedule similar to that required by Mo. Rev. Stat. § 168.110.[2] (*Id.*, ¶ 18). Throughout Plaintiffs' employment with the District, the salary

---

[1] Plaintiffs' Fair Labor Standards Act action is based on the District's alleged violation of the Equal Pay Act ("EPA"). "The EPA was enacted in 1963 as an amendment to the Fair Labor Standards Act (FLSA)," and in 1974 it was extended "by applying it to government entities, as well as private industry. The [EPA] was passed in the hopes that it would eliminate society's age-old belief in the inferiority of women and the economic and social consequences that flowed from that belief." Kalsoom K. Malik, Equal Pay Act, 3 Geo. J. Gender & L. 719, 719–20 (2002) (internal footnotes and quotation omitted).

[2] Section 168.110, part of Missouri's Teacher Tenure Act, provides:

> The board of education of a school district may modify an indefinite contract annually on or before the fifteenth day of May in the following particulars:
>
> (1) Determination of the date of beginning and length of the next school year;

schedules have generally, though not always, classified administrative and support salaries by years of service (referred to as "steps"). (*Id.*, ¶ 20.) The salary schedules also have ranges that correspond with certain job positions. (*Id.*) During the relevant time period, the District has applied the salary schedules unreasonably and unsystematically so that it pays different salaries to men and women for equal work requiring equal skill, effort, and responsibility performed under similar conditions and not for any reason having to do with a seniority system, a merit system, a system that measures pay by quantity or quality of production, or any factor other than sex. (*Id.*) Specifically, the District paid Plaintiffs and others similarly situated at rates less than its male employees, even though the jobs performed by Plaintiffs and others similarly situated required equal skill, effort, and responsibility, and were performed under similar working conditions. (*Id.*, ¶ 21.) Additional facts will be set forth as necessary.

## Discussion

The District argues Plaintiffs fail to plead sufficient factual matter in support of the EPA claim of the Teacher Plaintiffs. (Doc. 79.) The District contends the allegations as to the Teacher Plaintiffs are "nothing more than threadbare recitals of the elements of an EPA claim supported with conclusory statements of law." (Doc. 79, ¶ 1.) The District asserts dismissal is warranted because Plaintiffs fail to "provide any specific factual allegations regarding the Teacher Plaintiffs' salary, experience, step placement or the salary, experience or step placement of purported male comparators." (*Id.*)

The EPA prohibits sex discrimination, specifying that:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor

---

(2) Fixing the amount of annual compensation for the following school year as provided by the salary schedule adopted by the board of education applicable to all teachers. The modifications shall be effective at the beginning of the next school year. All teachers affected by the modification shall be furnished written copies of the modifications within thirty days after their adoption by the board of education.

3

other than sex: *Provided*, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.

29 U.S.C. § 206(d)(1). The elements of a sex-based wage discrimination claim under the Equal Pay Act are "(1) [Plaintiff] was paid less than a male employed in the same establishment, (2) for equal work on jobs requiring equal skill, effort, and responsibility, (3) which were performed under similar working conditions." *Heisler v. Nationwide Mut. Ins. Co.*, 931 F.3d 786, 795 (8th Cir. 2019) (citation and quotation marks omitted).

I. **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss a party's claims for "failure to state a claim upon which relief can be granted[.]" To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Plaintiff's obligation requires a pleading to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 554. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (internal quotation marks omitted).[3]

Plaintiffs attach undue importance to the fact that "the Court has *already found* that the Teacher Plaintiffs' claims are 'logically and reasonably related' to the claims of the other

---

[3] Though they cite portions of *Iqbal* and *Twombly* in their brief, Plaintiffs erroneously apply the pleading standard of *Conley v. Gibson*, 355 U.S. 41 (1957) and its progeny in their briefing. (Doc. 85 at 2, 4.) However, "[*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)] retired the *Conley* no-set-of-facts test[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009). The *Twombly* Court described the phrase "no set of facts" as "best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." 550 U.S. at 563 (citations omitted). "*Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.*

4

Plaintiffs" and "the District concedes" that these other Plaintiffs "have adequately pled a cause of action under the EPA." (Doc. 85 at 3, 5) (emphasis added.) In emphasizing this finding, Plaintiffs conflate the standard governing joinder[4] (which the Court summarily noted in dicta to be satisfied sufficiently to survive the District's suggestions opposing Plaintiff's motion for leave to amend (Doc. 70 at 2)) with the test governing the Court's analysis of a motion to dismiss, explained in detail above and applied in the following section.[5] *See In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010) (noting the test for permissive joinder under Rule 20 is "not a rigid test and is meant to be read as broadly as possible whenever doing so is likely to promote judicial economy") (citation and quotation marks omitted).

## II. Teacher Plaintiffs Fail to State an EPA Claim

The burden of named plaintiffs[6] in a putative collective action under FLSA in facing a motion to dismiss is to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiffs' pleading burden is achieved by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for" paying employees at a rate less than the rate at which he pays wages to employees of the opposite sex for equal work on jobs requiring equal skill, effort, and responsibility, and which are performed under

---

[4] The standard governing permissive joinder, as the Court allowed in granting leave to Plaintiffs to file their Third Amended Complaint, is set forth in Rule 20(a)(1), which allows joinder of plaintiffs where "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20.

[5] Another distinct standard is applied in the Court's Order granting in part and denying in part Plaintiffs' motion for conditional certification, entered contemporaneously with this Order. In that context, "[a] district court may certify a case as a [FLSA] collective action only if members of the class are 'similarly situated' or raise similar legal issues regarding coverage, exemption, or nonpayment of wages." *Taylor v. Bear Communs., LLC*, No. 4:12-CV-01261-BCW, 2013 WL 3270971, at *2 (W.D. Mo. June 27, 2013) (citation omitted).

[6] Plaintiffs appear to argue the Court should apply only the burden applicable to opt-in plaintiffs to join an established collective action, rather than that of a named plaintiff facing a motion to dismiss. The burden applicable to opt-in plaintiffs to join an action is different than the burden applicable in sufficiently pleading a claim. In representing the collective, the named Plaintiffs, "need only file [the] written consents [of the opt-in collective plaintiffs]" in order "to state a collective EPA claim on behalf of those similarly situated[.]" *Suzuki v. State Univ. of New York Coll. at Old Westbury*, No. 08-CV-4569 TCP, 2013 WL 2898135, at *5 (E.D.N.Y. June 13, 2013). The opt-in "EPA plaintiffs must expressly opt in to a case by written notice pursuant to 29 U.S.C. § 216(b)." *Id.* (internal quotation marks omitted). However, this opt-in procedure does nothing to lessen the pleading requirements of the named Plaintiffs in surviving a motion to dismiss.

similar working conditions.  *Iqbal*, 556 U.S. at 678; § 206(d)(1).  As set forth above, Plaintiffs' pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is insufficient.  *Twombly,* 550 U.S. at 554.  Plaintiffs are obligated to set forth "either direct or inferential allegations respecting all the material elements" of their legal theory.  *Id.* at 562 (citation and quotation marks omitted).

In *Ewald v. Royal Norwegian Embassy*, the court found the plaintiff alleged sufficient facts to state a plausible claim of gender discrimination under the EPA.  902 F. Supp. 2d 1208, 1219 (D. Minn. 2012).  The plaintiff's complaint identified a male comparator, detailed many of the job responsibilities considered parallel between the plaintiff's position and that of the male comparator, alleged a $40,000 salary disparity, and alleged various representations from the the District that the two positions were considered parallel and part of a team.  *Id.*

In contrast, where plaintiffs made only conclusory allegations that male employees were paid more than female employees, numerous district and circuit courts have dismissed and affirmed dismissal of EPA claims.  *See Suzuki v. State Univ. of New York Coll. at Old Westbury*, No. 08–CV–4569 TCP, 2013 WL 2898135, at *4 (E.D.N.Y. June 13, 2013) (holding "[b]ald allegations that male employees were paid more than female employees ... will not survive a motion to dismiss...." and noting that "the Second Circuit and district courts [have] expressly held that [ ] conclusory allegations [can]not withstand a Rule 12(b)(6) motion to dismiss an EPA claim" and that "district courts have also dismissed EPA claims where a plaintiff failed to allege how his or her position and the comparison position were substantially similar"); *Arafat v. Sch. Bd. of Broward Cty.*, 549 F. App'x 872, 875 (11th Cir. 2013) (affirming district court's dismissal of EPA claim where plaintiff "did not plead the facts comparing her skill, effort, and responsibility levels to those younger males who were allegedly paid more than her"); *Unger v. City of Mentor*, 387 F. App'x 589, 595 (6th Cir. 2010) ("[C]omplaint [asserting EPA claim] cites nothing more than the claim's legal elements, neglecting to provide any factual basis in support."); *Boudreaux v. Stranco Field Servs., LLC*, No. CV 18-5569, 2019 WL 2142045, at *7 (E.D. La. May 16, 2019) (dismissing EPA claim where plaintiff identified two potential male comparators but "alleged nothing about the skill, effort, or responsibility required by the performance of either's position – in fact, making no reference at all to what position" the comparators held "and ma[de] bare mention of that required by her own"); *Shafer v. Young Auto. Grp., Inc.*, No. 117CV00160JNPEJF, 2018 WL 4688342, at *2 (D. Utah Sept. 28, 2018) (dismissing claim where complaint did not state what the

6

"similar job duties" were between plaintiff and comparator, specify the conditions under which they were performed, or identify the "equal duties and responsibilities"); *Muldrew v. Joseph McCormick Const. Co.*, No. CIV.A. 14-27, 2014 WL 3890336, at *7 (W.D. Pa. Aug. 8, 2014) (dismissing claim where the plaintiff's claim constituted only "a handful of vague and conclusory statements similar to the following: The Plaintiff will show that the Defendant paid her less than it paid her male co-workers who performed jobs which required the same skill, effort and responsibility and were performed under the same working conditions, as her job.").[7]

Here, Teacher Plaintiffs, fail to identify any potential comparator or comparators; allege his or their positions; allege how Teacher Plaintiffs' positions and the comparison positions are substantially similar; plead facts comparing Teacher Plaintiffs' skill, effort, and responsibility levels to those of any comparator; state what the "similar job duties" are between Teacher Plaintiffs and comparators, specify the conditions under which they were performed, or identify the "equal duties and responsibilities" that Teacher Plaintiffs allegedly share with any comparators. In view of the sparse allegations in the Third Amended Complaint supporting the Teacher Plaintiffs' EPA claim and the abundant authority supporting the necessity of more factual support for an EPA

---

[7] *See also Frasier v. General Elec. Co.*, 930 F.2d 1004, 1007-08 (2d Cir. 1991) (allegation that plaintiff was not receiving equal pay for equal work too vague to withstand motion to dismiss); *Lehman v. Bergmann Assocs., Inc.*, 11 F. Supp. 3d 408, 420 (W.D.N.Y. 2014) (dismissing claim where plaintiff made only conclusory allegations that male employees were paid more than female employees and failed to allege how her position and that of the comparator were similar); *Lacey v. Carroll McEntee & McGinley, Inc.*, No. 03 Civ. 8832, 1994 WL 592158, at *3 (S.D.N.Y. Oct.26, 1994) (granting motion to dismiss complaint in the absence of any factual information to support allegation of disparate wages, equal performance level and similar working conditions); *Gibson v. Jacob K. Javits Convention Ctr. of New York*, No. 95 Civ. 9728, 1998 WL 132796, at *3 (S.D.N.Y. Mar.23, 1998); (dismissing EPA claims where the plaintiffs failed to allege how their position and the comparison position were substantially similar); *Baumgardner v. ROA General, Inc.*, 864 F. Supp. 1107, 1109 (D. Utah 1994) (holding plaintiffs did not state an EPA claim where they "made no effort to allege how each of their positions [were] 'substantially equal'" to the comparator's position); *Corkern v. Stranco Field Servs., LLC*, 2018 WL 4614001, at *2 (E.D. La. Sept. 26, 2018) (plaintiff failed to plead sufficiently a prima facie reduced-salary claim under the EPA where her complaint failed to plead specific facts to show how she in her position was paid less than male co-workers performing a substantially equal job); *Shutlz v. Dixie State Univ.*, No. 2:16-CV-830 TS, 2017 WL 1968651, at *12 (D. Utah May 11, 2017) (finding supporting facts insufficient to survive a motion to dismiss where the plaintiff provided no information as to how her work was similar to that of her colleagues with the same position title, only that it was "substantially similar" or "substantially equal."); *Sherrod v. Prairie View A & M Univ.*, 2011 WL 843936, *9 (S.D. Tex. Mar. 8, 2011) (granting motion to dismiss where the plaintiff's "compensation claims [were] no more than a formulaic recitation of the elements of an equal pay cause of action").

claim to survive a motion to dismiss, Teacher Plaintiffs fail to state a claim for violation of the EPA.

### III. Leave to Amend

Plaintiffs request, in the alternative, leave to amend the Complaint in order to address any insufficiencies.

"A district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks omitted). "Unexcused delay is sufficient to justify the court's denial [when] the party is seeking to amend the pleadings after the district court has dismissed the claims it seeks to amend, particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed, but failed to do so." *Id.*

Plaintiff has previously filed two unopposed motions for leave to file an amended complaint, each to add one additional party, which were both granted. (Docs. 24, 26, 44, 48.) Plaintiffs filed a third motion for leave to file an amended complaint, in which they sought to join the Teacher Plaintiffs. (Doc. 62.) The District opposed the motion. (Doc. 63.) The Court granted the third motion for leave to amend, finding:

> Plaintiffs have established good cause for leave to amend. The deadline to file an amended complaint was January 15, 2021. During a status conference on January 13, 2021, the parties agreed they would submit an amended joint proposed scheduling order, but it appears that was not seasonably submitted. Two months later, the parties filed a joint motion to stay pretrial deadlines or alternatively for a continuance of the trial setting (Doc. 59). The stay was granted and remains in place. Additionally, the Court finds Defendant's Rule 20(a)(2) argument without merit because the claims are logically and reasonably related. The Court finds Defendant's remaining arguments, some of which were raised for the first time in its sur-reply, not persuasive at this juncture.

(Doc. 70 at 2.) In so ruling, however, the Court expressed recognition of the District's substantial briefing in opposition to Plaintiffs' motion for conditional class certification that was mooted by the amended complaint. The Court thus warned Plaintiffs that "any future motions for leave to amend will be viewed with caution, and the granting of any future motions for leave to amend may be granted with Plaintiffs bearing the costs of Defendant's associated motion practice." (*Id.*)

8

At this point, Plaintiff's request in the alternative for leave to amend their pleading a fourth time comes fourteen months after this case was filed, nearly seven months after the deadline to amend pleadings provided in the Scheduling Order (Doc. 28), and after having been previously granted three opportunities to amend. Additionally, though discovery was stayed March 17, 2021 (Doc. 60), that stay was entered a full month after the discovery deadline of February 15, 2021, provided in the Scheduling Order (Doc. 28), and after discovery had been in progress for nearly eight months (*see* Docs. 20-22, 33). Plaintiffs "present no change in the law, no newly discovered facts, or any other changed circumstances that would support a finding of due diligence on their part" that would support their request for leave to amend. *Speer v. Cerner Corp.*, No. 14-0204-CV-W-HFS, 2015 WL 13760310, at *2 (W.D. Mo. June 19, 2015) (citing *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (affirming, under Rule 16(b), the district court's denial of plaintiff's motion to amend her complaint because she provided no reasons why the amendment could not have been made earlier or why her motion to amend was filed so late)).

The Court finds it appropriate to deny Plaintiff's alternative request for leave to amend a fourth time, as it is conclusory and without factual or legal support, unduly delayed, and follows Plaintiffs' repeated failure to cure deficiencies by amendments previously allowed.

## Conclusion

Accordingly, and after careful consideration, the District's motion to dismiss the Equal Pay Act claims of Rhonda Ireland, Stacie Myers, Jessica Hill, and Michelle Michaelson-Gard is **GRANTED.**

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 29, 2021