IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NANCY SPATZ, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED; et al, <br><br> Plaintiffs, <br><br> v. <br><br> LEE'S SUMMIT R-7 SCHOOL DISTRICT, <br><br> Defendant. | Case No. 4:20-cv-00448-RK |

## ORDER

Before the Court is Plaintiffs Rhonda Ireland, Stacie Myers, Jessica Hill, and Michelle Michealson-Gard ("Teacher Plaintiffs") "motion for relief" (Doc. 95) from the Court's Order (Doc. 93) dismissing the claims of the Teacher Plaintiffs. (Doc. 95.) Plaintiffs' motion requests an order either (1) "clarifying that any dismissal is without prejudice, or" (2) "permitting the teacher plaintiffs to participate in the collective action." (Doc. 95.) The Defendant does not oppose the Plaintiffs' request for a clarifying order, but does oppose "allowing the Teacher Plaintiffs to participate in this case" by filing "yet another amended complaint." (Doc. 100.) Plaintiffs' motion is **GRANTED as to clarification that the dismissal is without prejudice**, and for the reasons below, **DENIED** in all other respects.

In the Court's Order granting the District's partial motion to dismiss as to the claims of the Teacher Plaintiffs (Doc. 93), the Court noted that Plaintiffs had sought and received leave of court three times to file amended complaints to add plaintiffs. The Court found that in spite of these several amendments that were granted, Teacher Plaintiffs failed to state a claim sufficient to withstand the District's motion to dismiss. Specifically, after allowing three amendments to their complaint, the Court found Plaintiffs failed to identify any potential comparator or comparators for Teacher Plaintiffs; allege his or their positions; allege how Teacher Plaintiffs' positions and the comparison positions are substantially similar; plead facts comparing Teacher Plaintiffs' skill, effort, and responsibility levels to those of any comparator; or state what the "similar job duties" are between Teacher Plaintiffs and comparators, specify the conditions under which they were

performed, or identify the "equal duties and responsibilities" that Teacher Plaintiffs allegedly share with any comparators.

In view of the sparse and conclusory allegations in the Third Amended Complaint supporting the Teacher Plaintiffs' EPA claim and the abundant authority supporting the necessity of more factual support for an EPA claim to survive a motion to dismiss, the Court concluded that Teacher Plaintiffs failed to state a claim for violation of the EPA. The Court further denied Plaintiffs' alternative request to amend their complaint yet again, finding Plaintiffs presented no change in the law, newly discovered facts, or any other changed circumstances supporting a finding of due diligence; in addition to the alternative request being conclusory and without factual or legal support, unduly delayed, and considering despite repeated amendments granted by the Court, the pleading deficiencies remained uncorrected.

Here, the Teacher Plaintiffs' motion for relief from the Court's Order relies primarily on *Mickles v. Country Club, Inc.*, a case from the Eleventh Circuit, which held "[t]he plain language of § 216(b) supports that those who opt in become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required." 887 F. 3d 1270 (2018). Teacher Plaintiffs attempt to convince the Court that this holding means that any party plaintiff who has filed a consent also "states a cause of action." (Doc. 95 at ¶ 2.) *Mickles* is not binding authority and, in any event, makes no such holding. In fact, the *Mickles* court stated the appellants "were parties to the litigation upon filing consents, and *absent a dismissal from the case*, remained parties in the litigation." *Id.* at 1280-81 (emphasis added). By this statement, the Eleventh Circuit explicitly recognized the potential for the dismissal of party plaintiffs (who became parties upon the filing of their opt in consent), as occurred in this Court's Order (Doc. 93) granting the District's partial motion to dismiss in the instant case. As such, the Court finds no reason to grant Teacher Plaintiffs' requested relief from its Order finding they failed to state a claim under FLSA for the reasons stated in that Order (Doc. 93).

In addition, the Court finds no reason to grant relief from its Order as to the denial of Plaintiffs' alternative request to file yet another amended complaint in an attempt to cure the deficiencies in their third amended complaint. The Court finds no error in the rationale offered in its Order (Doc. 93), and additionally notes Plaintiffs did not separately move for leave to amend and did not file a proposed amendment. The Eighth Circuit has held "that to preserve the right to amend a complaint a party must submit a proposed amendment along with its motion." *United*

2

*States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742 (8th Cir. 2014) (citation and quotation marks omitted).  The Eighth Circuit Court further recognized in that case that "a district court in granting a motion to dismiss is not obliged to invite a motion for leave to amend if plaintiff did not file one."  *Id.* (citation omitted).  Because Plaintiffs here chose "to stand on and defend [their third amended] complaint," this case was dismissed without first inviting a motion to amend.  *See id.*

## Conclusion

Accordingly, and after careful consideration, Teacher Plaintiffs' motion for relief (Doc. 95) from the Court's Order (Doc. 93) granting the Defendant's partial motion to dismiss is **GRANTED as to clarification that the dismissal is without prejudice**, and **DENIED** in all other respects.

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  January 24, 2022