IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| NANCY SPATZ, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED; et al, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:20-cv-00448-RK |
| v. | ) ) ) | |
| LEE'S SUMMIT R-7 SCHOOL DISTRICT, | ) ) ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Defendant Lee's Summit R-7 School District's ("District") motion to modify order granting in part Plaintiffs' motion for conditional certification. (Doc. 94.) The motion is fully briefed. (Docs. 98, 102.) For the reasons below, the motion is **DENIED.**

Prior to the Court's Order granting in part and denying in part Plaintiffs' motion for conditional certification ("Certification Order") (Doc. 92), the only two named female Technology Specialist plaintiffs, Nancy Spatz and Jill Besanceney, settled their claims with the District. (Doc. 94 at 1.) The District argues that female Technology Specialists should accordingly be removed from the conditionally certified class. (*Id.*)

Plaintiffs argue in response that the settlement agreement does not provide for the dismissal of Ms. Spatz and Ms. Besanceney's claims until all terms and conditions of the agreement are fulfilled, which was not completed prior to entry of the Certification Order. (Doc. 98 at 1.) Plaintiffs assert that, following the Certification Order, any settlement, whether agreed to in principle prior to certification, requires Court approval. (*Id.*) Thus, before Ms. Spatz or Ms. Besanceney's claims can be dismissed, Plaintiffs contend this Court must approve the settlements. (*Id.*) Plaintiffs conclude, therefore, the female Technology Specialists should not be removed from the conditionally certified class, because, until dismissed, Ms. Spatz and Ms. Besanceney are parties and can serve as representatives for the purpose of allowing notice to be sent. (*Id.* at 2.)

"Although ordinarily employers and employees can settle disputes without court approval, where, as here, an employee has brought a lawsuit directly against a private employer for violating the FLSA, any settlement must be approved by the court for the settlement to have any res judicata

effect." *Molloy v. Hoambrecker Enters., LLC*, No. 5:19-CV-06030-DGK, 2020 WL 11145247, at *2 (W.D. Mo. Sept. 8, 2020) (citing *Beauford v. ActionLink, LLC*, 781 F.3d 396, 406 (8th Cir. 2015) ("After commencing litigation, employees can waive their rights only if the parties agree on a settlement amount and the district court enters a stipulated judgment."); *Copeland v. Abb, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008)).

Because the settlement reached with Ms. Spatz and Ms. Besanceney has not been approved by the Court and their claims have not been dismissed, female Technology Specialists will not be removed from the conditionally certified class.

## Conclusion

Accordingly, and after careful consideration, the District's motion to modify order granting in part Plaintiffs' motion for conditional certification (doc. 94) is **DENIED.**

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: January 26, 2022