# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| NANCY SPATZ, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED; et al, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 4:20-cv-00448-RK |
| v. | ) |
| LEE'S SUMMIT R-7 SCHOOL DISTRICT, | ) |
| Defendant. | ) |

## **ORDER**

Before the Court is the parties' joint motion for approval of settlement agreement as to Ms. June Hagstrom, who was a field technology specialist for Defendant. (Doc. 128.) The parties also filed suggestions in support of the motion. (Doc. 129.) For the reasons below, the motion is **GRANTED.**

## Discussion

"After commencing litigation [for violation of the Fair Labor Standards Act (FLSA)], employees can waive their rights only if the parties agree on a settlement amount and the district court enters a stipulated judgment." *Beauford v. ActionLink, LLC*, 781 F.3d 396, 406 (8th Cir. 2015); *Copeland v. Abb, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008)). To approve a settlement of claims under the FLSA (of which the Equal Pay Act is a part), "the court must find that: (1) the litigation involves a bona fide dispute over FLSA provisions; and (2) the proposed settlement is fair and reasonable." *Molloy v. Hoambrecker Enters., LLC*, No. 5:19-CV-06030-DGK, 2020 WL 11145247, at *2 (W.D. Mo. Sept. 8, 2020).

Here, there was a bona fide dispute as to whether Ms. June Hagstrom was entitled to any relief under the Equal Pay Act, whether the District's alleged violations were willful so as to make the District liable for a third year of back pay, and whether the District was liable for liquidated damages.

Ms. Hagstrom's proposed settlement is fair and reasonable. Specifically, after considerable negotiation, Ms. Hagstrom agreed to a total settlement of $21,088.59. This sum reflects wages in the amount of $14,464.59 associated with the differential between what Ms. Hagstrom claims she

should have been paid and what she was actually paid for her work. Additionally, Ms. Hagstrom is receiving $6,624.00, reflecting the reduction in her retirement payment for a period of the time she was allegedly underpaid. This amount was reduced to a present dollar figure. Ms. Hagstrom has not asserted any claims for discrimination under Title VII or the Missouri Human Rights Act. The amount agreed upon reflects nearly the entire differential in pay plus reduced retirement benefits that Ms. Hagstrom would have been able to recover, and the methodology for arriving at the settlement amount is essentially the same as that used when resolving the FLSA claims of two other field technology specialists.

In light of this explanation of Ms. Hagstrom's settlement, the Court concludes that this settlement was both fair and reasonable.

Under *Barbee v. Big River Steel, LLC*, 927 F.3d 1024 (8th Cir. 2019) and *Vines v. Welspun Pipes Inc.*, 9 F.4th 849 (8th Cir. 2021), if parties negotiate and settle the plaintiff's attorneys' fees separately and without regard to the settlement of the underlying FLSA case, the Court has no role in approving the settled fee award. Here, the parties separately negotiated counsels' fees; thus, the entire $21,088.59 will be paid to Ms. Hagstrom. Accordingly, the Court's approval of attorneys' fees is not necessary.

## Conclusion

Accordingly, and after careful consideration, the parties' motion for approval of settlement agreement is **GRANTED.**

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: June 28, 2022