IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NANCY SPATZ, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED; et al, | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 4:20-cv-00448-RK |
| v. | ) ) ) |
| LEE'S SUMMIT R-7 SCHOOL DISTRICT, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is the parties' joint motion for approval of settlement agreements. (Doc. 141.) The parties also filed suggestions in support of the motion. (Doc. 142.) For the reasons below, the motion is **GRANTED.**

### Discussion

"Although ordinarily employers and employees can settle disputes without court approval, where, as here, an employee has brought a lawsuit directly against a private employer for violating the FLSA [(Fair Labor Standards Act)], any settlement must be approved by the court for the settlement to have any res judicata effect." *Molloy v. Hoambrecker Enters., LLC*, No. 5:19-CV-06030-DGK, 2020 WL 11145247, at *2 (W.D. Mo. Sept. 8, 2020) (citing *Beauford v. ActionLink, LLC*, 781 F.3d 396, 406 (8th Cir. 2015) ("After commencing litigation, employees can waive their rights only if the parties agree on a settlement amount and the district court enters a stipulated judgment."); *Copeland v. Abb, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008)). To approve a settlement of claims under the FLSA (of which the Equal Pay Act ("EPA") is a part), "the court must find that: (1) the litigation involves a bona fide dispute over FLSA provisions; and (2) the proposed settlement is fair and reasonable." *Molloy*, 2020 WL 11145247 at * 2.

Here, the Plaintiffs who are parties to this motion were at the relevant time elementary assistant principals with the Defendant school district. There was a bona fide dispute as to whether Brooke Morehead, Stacy Orf, Joy Brigman, and Jeannie Cook were entitled to any relief under the EPA, whether their proffered comparators were proper, whether the District's alleged violations

were willful so as to make the District liable for additional back pay, and whether the District was liable for liquidated damages.

The Court finds the proposed settlements of Plaintiffs Morehead, Brigman and Orf are fair and reasonable. Specifically, after considerable negotiation, each of these plaintiffs agreed to a total settlement of $15,000 respectively. This sum reflects wages in the amount of $4,580.60 associated with the differential between what each of these plaintiffs claims she should have been paid and what she was actually paid for her work. Additionally, this sum reflects compensatory damages in the amount of $10,419.40, associated with each plaintiff's alleged personal injuries not resulting in physical harm. This sum reflects a compromised sum that takes into consideration the losses alleged by these plaintiffs and the disputed nature of the matter including: (1) whether the elementary assistant principals could establish a prima facie EPA claim relying on comparisons to secondary assistant principal salaries, (2) the District's affirmative defenses, (3) the cost of litigation to both parties, (4) the risk of exposure to both parties in the event that their legal positions were incorrect, and (5) the likelihood of appeal. These Plaintiffs separately filed claims under the Missouri Human Rights Act ("MHRA") (some in state court and some in this Court, the latter of which were consolidated with this case) alleging discrimination and retaliation under state law. Those claims are pending and will also be dismissed in the event this settlement is approved. Taking all of these factors into consideration, the parties agreed upon an acceptable settlement sum.

Between this explanation of these plaintiffs' settlements and the circumstances under which they were negotiated—each plaintiff being represented by experienced and competent attorneys—the Court concludes that this settlement is both fair and reasonable.

Likewise, the Court finds Ms. Cook's proposed settlement is fair and reasonable. Ms. Cook became a party to this suit by signing a consent to join. After written discovery, the evidence suggested that Plaintiff Cook may not have an applicable comparator and may have been properly paid. The parties nevertheless agreed to resolve this matter for payment of $500 as consideration in support of a complete release. The amount agreed upon reflects the parties' studied assessment of hotly disputed claims and resolves this dispute without the expense and risk of further litigation. The settlement reflects a compromise reached by parties at arm's length, taking into consideration the risk and possibility of adverse judgment, the cost of litigation, the expense of litigation, and the likelihood of an appeal. The Court finds this settlement is a fair compromise.

Under *Barbee v. Big River Steel, LLC*, 927 F.3d 1024 (8th Cir. 2019) and *Vines v. Welspun Pipes Inc.*, 9 F.4th 849 (8th Cir. 2021), if parties negotiate and settle the plaintiffs' attorneys' fees separately and without regard to the settlement of the underlying FLSA case, the Court has no role in approving the settled fee award. Such was the case with the instant settlements. Because the settlement of attorneys' fees was negotiated and reached separately and without regard to the settlement of the underlying FLSA claims, the Court's approval of attorneys' fees is not necessary.

## Conclusion

Accordingly, and after careful consideration, the parties' motion for approval of settlement agreements is **GRANTED.**

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: January 27, 2023